**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| ROBERTULIO ARARAT, | : |
| : | Civil Action No. 05-1336 (JBS) |
| Plaintiff, | : |
| : |  |
| v. | : **OPINION** |
| : |  |
| DEPARTMENT OF HOMELAND | : |
| SECURITY AND CUSTOMS | : |
| ENFORCEMENT (DHS/ICE), | : |
| : |  |
| Defendants. | : |

**APPEARANCES:**

    ROBERTULIO ARARAT, Plaintiff pro se
    #59909-079
    F.C.I. Fort Dix
    P.O. Box 7000
    Fort Dix, New Jersey 08640

**SIMANDLE**, District Judge

    Plaintiff Robertulio Ararat ("Ararat"), a prisoner currently confined at the Federal Correctional Institution at Fort Dix, New Jersey, seeks to bring this action in forma pauperis. Based on Ararat's affidavit of indigence and his prison account statements, it appears that Ararat is qualified to proceed as an indigent. Therefore, the Court will grant the application to proceed in forma pauperis and direct the Clerk of the Court to file the petition without pre-payment of the filing fee.

    Having reviewed the petition to identify cognizable claims pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, the Court

concludes that the petition for a writ of mandamus should be dismissed for failure to state a claim.

## I.   BACKGROUND

Ararat brings this civil action under 28 U.S.C. § 1361 for a writ of mandamus as against the defendant Department of Homeland Security, Immigration and Customs Enforcement (hereinafter, "DHS/ICE").  The following factual allegations are taken from the petition and are accepted as true for purposes of this review.

Ararat alleges that he is an alien "lawful permanent resident" living in the United States since 1974, after arriving from Colombia.  On or about January 20, 1994, the Immigration and Naturalization Service ("INS")[1] lodged a detainer against Ararat after his arrest for drug conspiracy and possession with the intent to distribute, in violation of 18 U.S.C. §§ 846 and 841(a)(1).  In December 2004, Ararat filed a petition with the INS to lift the detainer on the ground that his drug conviction does not qualify as an "aggravated felony" as defined by the United States Supreme Court.  Ararat has not received any response from DHS/ICE with respect to his petition.

---

[1] Effective March 1, 2003, the INS ceased to exist as an agency of the Department of Justice, and its functions were transferred to the DHS.  See Homeland Security Act of 2002, Pub. L. No. 107-296, 116 Stat. 2135 (Nov. 25, 2002).  The Bureau of Immigration and Customs Enforcement ("ICE") of the DHS is responsible for the interior investigation and enforcement functions that formerly were performed by the INS.

In particular, Ararat claims that his drug conviction is a "non violent" crime that cannot be grounds for a removal. He cites Leocal v. Ashcroft, 125 S.Ct. 377 (2004), which held that an alien's conviction for driving under the influence of alcohol and causing serious bodily injury in a car accident was not a "crime of violence" and therefore, was not an "aggravated felony" warranting deportation.

Ararat further complains that the detainer prevents him from receiving certain benefits, such as a classification for a minimum security prison, camp, or halfway house, or participation in drug rehabilitation programs that would serve to reduce his sentence. Petitioner contends that a writ of mandamus is his only means to compel the respondent to lift the detainer.[2] Ararat does not seek monetary damages.

> II.   STANDARDS FOR A SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996),

---

[2] An INS detainer:

> serves to advise another law enforcement agency that the [Immigration and Naturalization] Service seeks custody of an alien presently in the custody of that agency, for the purpose of arresting and removing the alien. The detainer is a request that such agency advise the Service, prior to release of the alien, in order for the Service to arrange to assume custody, in situations when gaining immediate physical custody is either impracticable or impossible.

8 C.F.R. § 287.7(a).

requires a district court to review a complaint or petition in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity.  The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

In determining the sufficiency of a pro se action, the Court must be mindful to construe it liberally in favor of the plaintiff.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions."  Id.

### III.  ANALYSIS

Ararat characterizes his action as a writ of mandamus under 28 U.S.C. § 1361, seeking a Court Order directing the respondent to lift the detainer issued against him, while incarcerated, for his eventual removal proceedings once his federal sentence is served.

4

This Court finds that Ararat is not entitled to issuance of a writ of mandamus under 28 U.S.C. § 1361. Pursuant to 28 U.S.C. § 1361, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Mandamus, however, is an extraordinary remedy. See Heckler v. Ringer, 466 U.S. 602, 616 (1984). Certain conditions must be met before mandamus relief is granted. To be eligible for mandamus relief, a petitioner must establish (1) that he has a clear right to relief, (2) that the respondent's duty to perform the act in question is plainly defined and peremptory, and (3) that he has no other adequate remedy. See Rios v. Ziglar, 398 F.3d 1201 (10th Cir. 2005). See also Cheney v. U.S. Dist. Court for the Dist. Of Columbia, 124 S. Ct. 2576, 2593-94 (2004)("Mandamus is an extraordinary remedy, available to 'a plaintiff only if ... the defendant owes him a clear, non-discretionary duty.'")(*citing* Heckler, 466 U.S. at 616).

Here, Ararat has not met his burden of showing that he has a "clear and indisputable" right to the relief sought. Kerr v. United States District Court, 426 U.S. 394, 403 (1976) (citations omitted). Ararat is under the mistaken impression that a drug conviction cannot be the basis for removal because it is not a "crime of violence." However, whether Ararat's conviction for

drug conspiracy and possession with intent to distribute constitutes a "crime of violence", so as to be considered an "aggravated felony" for purposes of removal, is not controlling. On its own, Ararat's federal drug conviction qualifies as an aggravated felony[3] and a controlled substance violation, allowing for removal under 8 U.S.C. § 1227(a)(2)(A)(III) and 8 U.S.C. § 1227(a)(2)(B)(i), respectively.  Indeed, Congress has specifically made conduct related to drug abuse a basis for removal.  See Immigration and Nationality Act ("INA") § 237(a)(2)(B)(ii)("Any alien who is, or at any time after admission has been, a drug abuser or addict is deportable"). Thus, the basis for Ararat's removal, and the resulting detainer issued to ensure his appearance at the removal proceedings, is his drug conviction, which in and of itself constitutes an aggravated felony, not an aggravated felony based on a conviction involving a crime of violence.  Therefore, Ararat has no clear right to the relief he seeks and his petition for a writ of mandamus must be dismissed.

Finally, to the extent Ararat asserts that the collateral consequences of the detainer, *i.e.*, the negatively impact on his custody status and the preclusion from participating in drug rehabilitation programs, warrant mandamus relief, this Court

---

[3] The United States Code states an aggravated felony includes "illicit trafficking in a controlled substance."  8 U.S.C. § 1101(a)(43)(B).

finds no basis for such a claim. It is well established that a prisoner, like Ararat, possesses no liberty interest arising from the Due Process Clause in a particular custody level or place of confinement. See, e.g., Olim v Wakinekona, 461 U.S. 238, 245-46 (1983); Meachum v. Fano, 427 U.S. 215, 224-25 (1976); Montanye v. Haymes, 427 U.S. 236, 242 (1976). Also, the exclusion of persons subject to an INS detainer does not violate the Equal Protection Clause. Regulations such as those challenged here classify prisoners as those who are subject to custodial considerations (including those who have detainers lodged against them) and those who are not, not on the basis of alienage. See McLean v. Crabtree, 173 F.3d 1176, 1185-86 (9th Cir. 1999), cert. denied, 528 U.S. 1086 (2000). Accordingly, "the Equal Protection Clause requires only that the classification rationally further a legitimate state interest." See Nordlinger v. Hahn, 505 U.S. 1, 10 (1992). Excluding prisoners subject to detainers or other custodial considerations from participation in programs involving custody issues is rationally related to the Bureau's legitimate interest in preventing such prisoners from fleeing. See McLean v. Crabtree, 173 F.3d at 1185-86. Accordingly, the regulations do not violate the Due Process Clause or the Equal Protection Clause.

IV.  CONCLUSION

For the reasons set forth above, the petition for a writ of mandamus must be dismissed with prejudice for failure to state a claim.  It does not appear that Ararat could cure the defects in his pleading by amendment.


Dated:   **August 30, 2005**              **s/ Jerome B. Simandle**
                                          JEROME B. SIMANDLE
                                          United States District Judge